UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S.B., an infant under the age of fourteen (14) years, by her Mother and Natural Guardian, DOROTHY WOODS, and DOROTHY WOODS, Individually,

        Plaintiffs,

v.

UNITED STATES OF AMERICA,

        Defendant.

16 Civ. 8038 (CS)

## ORDER APPROVING THE SETTLEMENT ON BEHALF OF A MINOR

On this 28th day of April, 2020, the above-referenced matter came on for hearing and approval by the Court as to the reasonableness of a settlement between the United States of America and Plaintiffs S█████ B█████ ("S.B."), a minor, and Dorothy Woods, individually and as mother and natural guardian of S.B. Plaintiff S.B. appeared through counsel of record and her mother, Dorothy Woods. Plaintiff Dorothy Woods, individually and as mother and natural guardian of S.B., appeared in person and through counsel of record. Defendant United States of America appeared through its attorney of record. Plaintiffs also submitted for consideration, the Affidavit of Dorothy Woods, individually and as Mother and Natural Guardian of S.B., duly verified and acknowledged on the 20th day of March, 2020, and the Declaration of Plaintiffs' counsel, Bradley S. Zimmerman, Esq. and Christopher M. Nyberg, Esq., duly executed on the 25th day of March, 2020, and exhibits attached to such documents.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation") and the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust for the Benefit of S.B. (hereinafter "Reversionary Trust"), attached

hereto as Exhibits 'A' and 'B,' respectively. The Court has reviewed the Stipulation and the Reversionary Trust, Plaintiffs' motion for approval of the settlement, and the documents submitted in support of the motion, and heard Plaintiffs' arguments in favor of the settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States and the availability of funds in the account established by Congress for the payment of settlement and judgments for claims cognizable under 42 U.S.C. § 233(g). *See* 42 U.S.C. § 233(k). Additional details regarding the distribution and allocation of the net upfront settlement proceeds are set forth by and approved in the "Supplemental Compromise Order Approving the Settlement and the Distribution of the Settlement Funds on Behalf of a Minor," which Order is being separately and contemporaneously submitted with the Order herein.

The Court finds that the terms and conditions of this settlement, as set forth herein, in the Stipulation, and in the Reversionary Trust, are fair, reasonable, and in the best interests of S.B., the minor Plaintiff. The Court further finds that the terms and conditions of this settlement, as set forth in the Stipulation and Reversionary Trust, satisfy the requirements of Local Civil Rule 83.2.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement, as set forth herein and in Exhibits A and B, is hereby approved. It is further ordered that Dorothy Woods, as mother and natural guardian of S.B., is appointed as guardian of the property of S.B., a minor, for purposes of receiving funds on her behalf under the Stipulation and this Order pursuant to N.Y. C.P.L.R. § 1206. It is further ordered that Dorothy Woods is authorized and required to sign the Stipulation, the Reversionary Trust, and any other documents that are necessary to consummate this settlement, and to provide any information and documentation necessary for the purchase of the annuity contracts and the establishment of the Reversionary Trust, on behalf of

S.B., a minor.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the settlement amount of Five Million Dollars and No Cents ($5,000,000.00) (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation and the Supplemental Compromise Order Approving the Settlement and the Distribution of the Settlement Funds on Behalf of a Minor. With respect to the settlement check of Two Million One Hundred Twenty Five Thousand Dollars and No Cents ($2,125,000.00) that will be made payable to S.B., a minor, and Dorothy Woods, pursuant to Paragraph 3.a.(1) of the Stipulation, the Court hereby orders Dorothy Woods, individually and on behalf of S.B., a minor, to endorse said check over to their attorneys to be deposited by the attorneys into their client trust account to be used to pay the attorneys' fees, costs, and expenses herein approved and to pay any lien or claim for reimbursement as required by the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that attorney's fees of The Jacob D. Fuchsberg Law Firm, LLP in this action shall be set at One Million One Hundred Three Thousand Five Hundred Fifty Eight Dollars and Eighteen Cents ($1,103,558.18), an amount not exceeding twenty-five percent (25%) of the Settlement Amount, are hereby approved and are found to be fair and reasonable, and shall be paid as provided in the Stipulation. The Court finds that the reimbursable costs and expenses of The Jacob D. Fuchsberg Law Firm, LLP associated with the litigation are Eighty-Six Thousand Four Hundred Ninety-Five Dollars and Twelve Cents ($86,495.12), and that such costs and expenses are fair, reasonable, and necessary. It is hereby ordered that such costs and expenses are approved and are to be paid as provided in the Stipulation and this Order. Any fees—including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval

purposes—shall be considered attorneys' fees subject to the provisions of 28 U.S.C. § 2678 and not costs, and shall be paid out of the Upfront Cash paid pursuant to paragraph 3.a.(1) of the Stipulation, and not in addition thereto. The aforementioned attorneys' fees and disbursements can be withdrawn by the Jacob D. Fuchsberg Law Firm from their client trust account for the purposes of paying such attorneys amount.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers arising from the subject matter of the action against the United States. The Court hereby orders Plaintiffs, by and through their attorney, to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare. The Court further orders that Plaintiffs, by and through their attorneys, shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs, upon final execution of the Stipulation and the Reversionary Trust and upon receiving notice from the United States Attorney's Office for the Southern District of New York that it has received the check for the amount of the Upfront Cash (as defined in Paragraph 3.a.(1) of the Stipulation), shall cause their attorney to file with the Court a Stipulation of Dismissal executed by the parties to dismiss this action against the United States in its entirety with prejudice, with each party to bear its own costs, expenses, and fees. Upon the filing of such Stipulation of Dismissal, the United States Attorney for the Southern District of New York shall transmit to Plaintiffs' attorney said check in

the amount of the Upfront Cash.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, upon the Court's approval of the Stipulation and dismissal of this action with prejudice pursuant to the terms of the Stipulation, the Court shall not retain jurisdiction over the action against the United States or the settlement.

_____
HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2020
White Plains, New York